17-20243

PETITIONER

By Special Appearance Only
Ambassador Michael Wayne Parsons of the Tsilhqot'in Nation – Country of the Chilcotin,
a live man, under duress, without prejudice by right, common law and commandment of all mighty God
on behalf of my wife, Patricia Parsons

To:
The Honorable Judge Lipman, U.S. District Court
c/o Clerk of the U.S. District Court
167 South Main Street
Memphis, TN 38103

## NOTICE

Demand as a matter of right, order to set aside and vacate this court's order sentencing Patricia Parsons to prison and order a stay of the report date specified by the U.S. Marshall of February 20, 2018, whereas the order sentencing Patricia Parsons is in violation of international law, the <u>Vienna Convention on Diplomatic Relations</u> on 18 April, 1961. Entered into force on 24 April 1964, <u>United Nations Treaty Series, Vol. 500, p 95</u>, the <u>United States Constitution Amendment V</u> "No person **shall** be held to answer for a capitol, or otherwise infamous crime, unless on a presentment or indictment of a grand jury deprived of life, liberty, or property, without due process of law", <u>Amendment VI</u> "In all criminal prosecutions, the accused **shall** enjoy the right…to be informed of the nature and cause of the accusation…and to have the assistance of counsel for her defense", <u>Amendment VIII</u> "Excessive bail **shall** not be received, nor excessive fines imposed, nor cruel and unusual punishment inflicted", <u>Amendment IX</u> "Rights retained by the people", 28 U.S.C. 1330 and 28 U.S.C. 2255 (1) ineffective assistance of counsel, (2) prosecutorial misconduct, (3) newly discovered evidence and entrapment by the FBI and as such, the sentencing order <u>**shall**</u> be set aside, vacated and a stay on the report date.

History of the Matter, Facts and Foundation

In the Spring of 2017, it appears that the court of the Tsilhqot'in Nation – the Universal Supreme Court of the Tsilhqot'in, herein referred to as (USCT), issued an order for petitioners immediate release and a warrant for the arrest of a judge who falsely ordered petitioner's arrest for failure to appear in his court, despite there being no order directing petitioner to appear. The Tsilhqot'in is a sovereign First Nation in what you may consider British Columbia, Canada. However, the Tsilhqot'in Nation has never signed over the rights to their land and is recognized as an autonomous, self-governing nation with the inherent rights recognized by the <u>Montevideo Convention on Rights and Duties of States</u>, including the right to define

the jurisdiction of their courts. The USCT was created by an act of the Constitution of the Tsilhqot'in via the Chilcotin National Congress and the USCT was affirmed and its Chief Justice appointed by Hereditary Queen Clan Mother Dorothy Boyd. (See Universal Supreme Court Act, the Constitution of the Chilcotin at www.universalsupremecourt.org.)

In 2015, I was adopted by the Tsilhqot'in and on January 01, 2016, I was appointed Ambassador of the Tsilhqot'in Nation to the United States. My being detained has placed a tremendous burden on the Chilcotin, whereas I was facilitating negotiations between the Tsilhqot'in Nation, a logging company in Tennessee and an international buyer. The Chilcotin are in great need of jobs and without this timber deal, many have lost their children to the Canadian foster care system. As one can imagine, they desperately want my release.

Therefore, when their court order for my release was ignored, they were advised to seek help from this country's law enforcement services to stop the ongoing interference in the Tsilhqot'in Nation's internal affairs by the judge who illegally ordered me being kidnapped and held hostage in violation of international law (Vienna Convention on Diplomatic Relations, 18 April, 1961, United Nations Treaty Series, Vol. 500, p. 95).

Then according to the FBI's own report, a licensed business operating in this country as a fugitive recovery and transport service was contacted by Justice Holland of the USCT. And according to the FBI's own report, the USCT order for my release and USCT indictments and warrants for the arrest of those responsible for ordering me kidnapped and held hostage were issued to that fugitive recovery and transport company. Nowhere in the FBI report do they claim the USCT orders, indictments or warrants are not valid or lawful.

The FBI's own report states it was their confidential human source (CHS) who contacted Mrs. Parsons. Their report states "Holland" provided Mrs. Parsons phone number to CHS to call that number to reach Holland; that "Holland" discussed hiring the CHS to execute arrest warrants; to execute a USCT order releasing Michael Parsons from jail and "Holland" negotiated a price…to conduct the arrest operation and to free Michael Parsons from jail; that "Holland" transmitted a contract; that "Holland" transmitted the USCT indictments and USCT order to release Parsons from jail.

Mrs. Parsons did not initiate contact with CHS nor did she provide her number to Justice Holland to offer to others. Mrs. Parsons never agreed to anything, was never a part of any negotiations and never asked anyone to take a car in lieu of $5000.00. Mrs. Parsons never consented to any monitoring or recording of her calls by the FBI, CHS, or any others with any agency (see affidavit of Patricia Parsons).

Mrs. Parsons has nothing to do with the affairs of the USCT, but was hopeful the efforts to exercise the USCT order for my release would prevent me from being killed in the Tipton County Jail, where there had been (2) attempts on my life. The FBI inference that Mrs. Parsons said that she did not want the FBI knocking on her door does not infer anything other than she will not be a party to anything illegal.

The FBI's own report references a phone call from me to Mrs. Parsons discussing Holland's efforts to help Parsons, Patricia stated, "She's having a hard time getting through…she thought she got closer to Trump." Parsons added "I have sent emails to Trump" and "I have scanned and sent things to both Governors of Nebraska and Tennessee" clearly our reaching out to the leaders of those governments demonstrates efforts working peacefully within the lawful channels for diplomatic relations.

Considering the fact that I had sued the Tipton County Judge Joseph Walker III, DA Mike Dunavant and Chief Deputy Donna Turner (former FBI agent) in 2009 for judicial misconduct and official oppression in the U.S. District Court for falsely charging and jailing me to stop my lawsuit challenging a rigged election in 2006; and for my presenting to the Grand Jury, crimes committed against me and my family, including being shot at 29 times and our pet wolf-hybrid, Brandi, shot and killed by a friend of the county executive I was suing over the election, and considering a Tipton County judge offered an inmate an early release from jail if he would kill me in 2016, whereby I was attacked and transported to the hospital with multiple broken ribs, cuts and bruises, is it any wonder why in 2017 I would be targeted by the FBI who refused to investigate DA Dunavant's conspiracy to falsely charge me with crimes he knew I did not commit in 2009, even with an audio recording of the District Public Defender advising me of the conspiracy? And is it any wonder why Mrs. Parsons is being framed by an FBI entrapment scheme even though she has violated no law and no mens rea exists for the charge? This is a case of political retribution for exposing a rigged election and asking the Grand Jury to hold those responsible for terrorizing my family accountable. And, it is a case of agents of the United States government conspiring with former Tipton County Chief Deputy Donna Turner, judges of Tipton County and now U.S. Attorney D. Michael Dunavant, the former Tipton County DA, who represents the United States government in this matter against Mrs. Parsons, to violate our rights and kidnap us. 18 U.S.C. 241, 242

Then several weeks later, Mrs. Parsons was advised, not of an indictment by a Grand Jury, but an "information" complaint from the U.S. Attorney, that she was being falsely accused of "aiding and abetting to commit conspiracy to kidnap a judge and sheriff". The U.S. Attorney told Mrs. Parsons that if she would agree to plead guilty, she could go home and feed her animals right then, that sentencing would not be until December and that she would not have to turn herself in to prison, if sentenced, until February

and she would not have to post bond. However, if she did not agree to plead guilty, she would immediately be put in to prison with no bond.

"A plea which is involuntarily coerced, unfairly obtained, or given through ignorance, fear or inadvertence, is not voluntary and its acceptance by court would be a violation of due process" U.S. C.A. 14. Rigby v. Russell, 1968, "A guilty plea induced by promises or threats or other coercion is not voluntary and is a nullity, and conviction based on such an involuntary plea of guilt is void. Where plea is entered without having been informed of elements of crime is invalid."

In this matter, this court failed to determine the plea is made voluntarily with understanding of the nature of the charge or cause. Mrs. Parsons had been told if she plead not guilty, she would be put into prison immediately and not released on bond, which is in violation of the 8th Amendment providing for no excessive bail **shall** not be required and had the U.S. Attorney actually thought she was guilty, he never would have released her, let alone without a bond or condition. To Mrs. Parsons, pleading not guilty meant the death of her animals that depended on her daily for food and water.

In this matter, prior to sentencing, her attorney knew her husband is an Ambassador of another country, but he sat on that information and failed to disclose it to the court. Thereby concealing proof, Mrs. Parsons has immunity and the court lacks jurisdiction. Mrs. Parsons maintains diplomatic immunity that she has not waived and her forced plea made under threat, duress and coercion does not confer jurisdiction upon this court.

In this matter, Mrs. Parsons attorney failed to ask for a continuance, failed to review plaintiff's evidence prior to advising her, failed to ask Mrs. Parsons what actually happened; ineffective assistance of counsel and negligence.

In this matter, at no time in court was Mrs. Parsons interrogated or asked to testify, Julian v. U.S. "Even with counsel, it is better to interrogate defendant." Meeks v. U.S. 298 F. 2d (5th Cir. 1962) "The court failed to satisfy itself that there is a factual basis for the plea before entering judgement, where defendant pleads guilty, the court should satisfy itself by inquiry of the defendant…that the conduct which the defendant admits constitutes the offense charged in the indictment or information…which the defendant has plead guilty, such inquiry should be e.g. protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." For a similar requirement see Mich. Stat Ann 28.1058 (1954) Mich. Sup. Ct. Rules 35A; see also Stinson v. United States, 316 F. 2d.554 (5th Cir. 1963). Did the court ask Mrs. Parsons if she understood the nature of the crime? No! Mrs. Parsons cannot even define what the

term "nature of the crime" is. If you can't define it, you can't understand it! Did the court explain the elements of the offense to Mrs. Parsons? No! Therefore it's void. Did the court tell Mrs. Parsons the minimum and maximum penalty provided by law before the plea? No! Therefore it's defective. Did the court advice Mrs. Parsons of possible lesser included offenses? No! Did the court advise Mrs. Parsons she was waiving her Constitutional rights? No! Mrs. Parsons' plea was not voluntary or knowingly, but under direct threat to her babies as she saw it. This court was without authority via the separation of power constraint on any U.S. court via the <u>Vienna Convention on Diplomatic Relations, Article 31</u>. Any laws enacted in contravention of Constitutional principles of federalism are void. Information, like indictment, must charge every element of charge, in order that accused and court may know exact offense intended to be charged, and record be sufficient to support plea of formal acquittal or conviction, Southern R. Co. v. U.S. (1937). To be adequate, information must inform defendant of nature of offense with which he is charged, U.S. v. Shelby (1953) 112 F. Supp. 734. Validity of information must be tested by what is charged, not by what it might have charged, Deckard v. United States (1967) 381 F. 2d 77.

Rule 7 (a) (1) felony: an offense must be prosecuted by an indictment if it is punishable (B) by imprisonment for more than one year. (b) Waiving indictment, an offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant in open court and after being advised of the nature of the charge and of the defendant's rights, waives prosecution by indictment. Did the court ask Mrs. Parsons if she wished to waive indictment in open court after being advised of the nature of the charge and of her rights? No! (c)(2) Citation error, if the defendant was misled and thereby prejudiced, is grounds to reverse conviction. Mrs. Parsons was misled by prosecutor and by her attorney and as such, she was prejudiced. Rule 11, governing pleas in federal courts, now makes clear that the sentencing judge must develop, on the record, the factual basis for the plea, as for example, by having the accused describe the conduct that gave rise to the charge. Did the court give Mrs. Parsons an opportunity to tell the court what she did to determine if there was any factual basis for the plea? No!

In this matter, Mrs. Parsons' actual innocence was ignored by her attorney who was not just ineffective, but, a case can be made for criminal negligence for refusing to provide the court with my letter prior to sentencing, disclosing that she has diplomatic immunity and that she wished to withdraw her plea. And a case can be made for prosecutorial misconduct for threatening Mrs. Parsons with the death of her animals, which are our family, if she refused to agree to plead guilty. And a case of conspiracy can be made between the FBI, whose false report and entrapment of an innocent lady is criminal and politically motivated. The FBI report claiming she gave their "UCE" a motorcycle is completely false (see photo of motorcycle taken in September 2017).

In this matter, I submitted a letter, already filed with the court, which would be considered "new evidence" not available to the court prior to sentencing, but which clearly indicates Mrs. Parsons diplomatic immunity renders this court's judgement and sentencing orders void. Whereas this court lacks jurisdiction, is without authority and its judgements and orders in the matter are nullities.

Under federal law which is applicable to all states, the U.S. Supreme Court stated that if a court is "without authority, its judgements and orders are regarded as nullities. They are not 'voidable', but are 'void'; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgements or sentences, are considered, in law, as trespassers." Elliot v. Piersol 1 Pet. 328, 340, 26 U.S.C. 328, 340 (1828)

Black's Law Dictionary, Sixth Edition, page 1574, Void Judgement: "One which has no legal force or effect, invalidity of which may be asserted by any person whose rights are affected at any time and at any place directly or collaterally. One which from its inception is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind parties or support a right, of no legal force and effect whatsoever, and incapable of confirmation, ratification, or enforcement in any manner or to any degree. Judgement is a 'void judgement' if court that rendered judgement lacked jurisdiction of subject matter, or of the parties, or acted in a matter inconsistent with due process." Reynolds v. Volunteer State Life Ins. Co., Tex. Civ. App., 80 S.W. 2d 1087, 1092

"Void judgement is one which has no legal force or effect whatever, it is an absolute nullity, its invalidity may be asserted by any person whose rights are effected at any time and at any place and it need not be attacked directly but may be attacked collaterally whenever and wherever it is interposed." Underwood v. Brown, 244 S.W. 2d 168 (Tenn. 1951)

"Judgement entered where court lacked either subject matter or personal jurisdiction, or that were otherwise entered in violation of due process of law, must be set aside." Orner v. Shalala, 30 F. 2d 1307 (Colo. 1994)

"Subject matter jurisdictional failings", "Fraud upon the court", in re Village of Willowbrook, 37 Ill. App. 3d 292 (1962), "Fraud committed in the procurement of jurisdiction", Fredman Brothers Furniture v. Dept. of Revenue, 109 Ill. 2d 202, 480 N.E. 2d 893 (1985), "Unlawful activity of a judge, code of judicial conduct, a judge does not follow statutory procedure", Armstrong v. Obucino, 300 Ill. 140, 143 (1921), Violation of due process, Johnson v. Zerbst, 304 U.S. 458, 58 S. Ct. 1019 (1938); Pure Oil Co. v. City of Northlake, 10 Ill. 2d 241, 245, 149 N.E. 2d 289 (1956); Hallberg v. Goldblatt Bros., 363 Ill. 25 (1936)

Upon reviewing the FBI reports, it is clear they are engaging in a scheme to entrap those who assert true American values of living independent, self-sufficient and self-governing. The foundation of the American Republic is based upon these values. However, the FBI have con-cocked a scheme of demonizing those who are not dependent upon the governmental agencies they support. Like the term conspiracy theorist, used in the 1960's on truth tellers relating to the assassination of President Kennedy, today they refer to those critical of corporations posing as government as "sovereign citizens". Clearly, they are either ignorant of the definition of the word sovereign, which means creator, or they assume the public are too lazy to look it up. A reference in the FBI report states a Mr. Anthony Todd Weverka "told the OM UCE that he (Weverka) believes that Parsons is a victim of the criminal justice system". Weverka was also charged by the FBI, but in his case, he was indicted with identical techniques by the FBI of asking for the location and a photo of where a sheriff lived. He provided the information, Mrs. Parsons did not! In this case, he was allowed to remain free pending trial and ultimately given diversion for 18 months. This court sentenced Mrs. Parsons to prison for 60 months. This totally disproportionate penalty would shock the conscience of the public and any reviewing court aware of the FBI's tactics and disproportionate treatment of Mrs. Parsons clearly indicates prejudice and official oppression. Furthermore, the FBI report falsely claims petitioner has a felony conviction, removed an ankle monitor and fled to evade trial. On December 02, 2015, petitioner was exonerated and the false convictions of 2009 of Tipton County were overturned by the Court of the Tsilhqot'in. Under International War Crimes Act, Section 12, Subsection (1), all U.S. courts shall recognize a pardon by another country's governmental authority. By definition, FBI are state terrorist, responsible for killing Americans at Ruby Ridge, Waco, an unarmed protestor in Oregon, and now framing us.

This Court **Shall** Take Judicial Notice of These Undisputed Facts and Offer of Proof

1. On January 01, 2016, petitioner Michael Parsons was appointed Ambassador of the Tsilhqot'in Nation-Country of the Chilcotin by Hereditary Grand Chief Stanley Stump, Sr. Petitioner is a Tsilhqot'in Nation tribal member and member of the Chilcotin National Congress in the Country of the Chilcotin. Petitioner is not a U.S. citizen. (See attached letter dated April 24, 2017 by Hereditary Grand Chief Stanley Stump, Sr.)
2. This court **shall** take judicial notice: that the Tsilhqot'in Nation is recognized as a sovereign First Nation having the right to govern their own affairs, develop their natural resources, etc. Tsilhqot'in Nation v. British Columbia (2014) SCC44.
3. That as a signator to the <u>Montevideo Convention on Rights and Duties of States</u>, December 26, 1933, the United States of America is bound to the agreement that ; <u>Article 3</u>, "the political existence of the state is independent of recognition by other states, even before recognition, the

state has a right to…defend its integrity and independence, to provide for its conservation and prosperity, and consequently to organize itself as it sees fit, to legislate upon its interest, administer its services, and to define the jurisdiction and competence of its courts. The existence of these rights has no other limitation than the exercise of the rights of others states according to international law." <u>Article 4</u>, "States are juridically equal, enjoy the same rights and have equal capacity in their existence. The rights of each one do not depend upon the power which it possesses to assure its exercise, but upon the simple fact of its existence as a person under international law." <u>Article 5</u>, "The fundamental rights of states are not susceptible of being affected in any manner whatsoever." <u>Article 6</u>, "The recognition of a state merely signifies that the state which recognizes it accepts the personality of the other with all the rights and duties determined by international law. Recognition is unconditional and irrevocable." <u>Article 7</u>, "The recognition of a state may be express or tacit, the latter results from any act which implies the intention of recognizing the new state." <u>Article 8</u>, "No state has the right to intervene in the internal or external affairs of another."

4. That the delegation of the United States of America, in signing this agreement expressed, "The United States government is as much opposed as any other government to interference to freedom, the sovereignty, or other internal affairs or processes of the governments of other nations." Clearly, these egalitarian principles, that all people are equal and should have the same rights and opportunities enshrined in these articles, this delegations expression, as evident in the Constitution for the United States of America, are what one would expect to be demonstrated. Clearly the FBI does not. Will this court?

5. That as a signator to the <u>Vienna Convention on Diplomatic Relations</u>, 18 April, 1963, entered into force on 24 April, 1964, <u>United Nations Treaty Series, Vol. 500, p. 95</u>, the United States of America is bound to the agreement that, <u>Article 29</u>, "The person of the diplomatic agent <u>shall</u> be inviolable. He <u>shall</u> not be liable to any form of arrest or detention. The receiving state <u>shall</u> treat him with due respect and <u>shall</u> take all appropriate steps to prevent any attack on his person, freedom or dignity." <u>Article 30</u>, "(1) The private residence of a diplomatic agent <u>shall</u> enjoy the same inviolability and protection as the premises of the mission. (2) His papers, correspondence and, except as provided in paragraph 3 of Article 31, his property <u>shall</u> likewise enjoy inviolability." <u>Article 31</u>, "(1) A diplomatic agent <u>shall</u> enjoy immunity from the criminal jurisdiction of the receiving state. He <u>shall</u> also enjoy immunity from its civil and administrative jurisdiction. (2) A diplomatic agent is not obliged to give evidence as a witness. (3) No measure of execution may be taken in respect of a diplomatic agent…" <u>Article 37</u>, "(1) The membera of the family of a diplomatic agent forming part of his household <u>shall</u>…enjoy the privileges and

immunities specified in Articles 29-36." <u>Article 39</u>, "(1) Every person entitled to privileges and immunities <u>shall</u> enjoy them,…from the moment when his appointment is noticed to the ministry for foreign affairs or such other ministry as may be agreed."

6. That notification of petitioners appointment served upon Secretary of State John Kerry in January 2016 and subsequent confirmation of petitioners A-1 diplomatic visa from the United States Department of State, confirmation number AA006NW076 on January 19, 2017 is notification to the ministry for foreign affairs in the United States. (See attached official confirmation for A-1 diplomatic visa from the United States Department of State.)

7. That United States Code 28, Section 1330 states, "Ambassadors are immune from prosecution in any U.S. court."

8. That the <u>Constitution for the United State of America</u> Republic states, "In all cases affecting Ambassadors, the Supreme Court <u>shall</u> have original jurisdiction…all treaties made, or which <u>shall</u> be made under authority of the United States <u>shall</u> be the supreme law of the land, and judges in every state <u>shall</u> be bound thereby and judicial officers…of the several states, <u>shall</u>be bound by oath or affirmation, to support the Constitution." Whereas Mrs. Parsons is my wife, this case affects petitioner, an Ambassador.

Conclusion

1. This United States District Courts judgment and sentencing violates the Constitution and laws of the United States; treaties and international law.
2. This United States District Court lacked jurisdiction to enter the judgement.
3. The judgement or sentence is otherwise subject to collateral attack, or review. Although a plea of guilty may not be withdrawn after sentencing, the plea may be set aside on direct appeal or collateral attack, Fed. Rule Crim. Proc. 11 (d) (e). Therefore, upon motion to vacate and set aside sentencing and if court finds that the judgement was rendered without jurisdiction…or otherwise to collateral attack, or that there has been such denial or infringement of the Constitutional rights of a prisoner as to rendering the judgement vulnerable to collateral attack, the court <u>shall</u> vacate and set aside the judgement and <u>shall</u> discharge the prisoner or…grant a new trial, 28 U.S.C. 2255. This matter is a clear case of entrapment by the FBI, prosecutorial vindictiveness and outright extortion by the prosecutor, ineffective and negligence of counsel, and evidence that <u>shall</u> be considered new to the court given the fact that Mrs. Parsons' counsel refused and or failed to submit it to the court and structural errors by the court denied Mrs. Parsons right to know the true nature and cause, whereby her actions, or lack thereof, does not actually fall within the charge whereby interrogation by the court would have reversed its course of action and dismissed

the matter. For these reasons, this matter **shall** be dismissed, vacated, set aside as it pertains to this court's order of sentencing and an immediate stay of the report date specified by the U.S. Marshals of February 20, 2018. Respectfully submitted, under duress, without prejudice, as a matter of right, 9th Amendment, Constitution for the United States of America

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Ambassador Michael Parsons

### Certificate of Service

As a matter of right, by special appearance only, petitioner, Ambassador Michael Parsons of the sovereign Tsilhqot'in Nation-Country of the Chilcotin, hereby certify the following is true and correct to the best of my knowledge and it has been placed into the Saline County Nebraska, [P.O. Box 911, Wilber Ne 68465] institutional mail system this January 12, 2018 and addressed to the Honorable Judge Lipman, c/o Clerk of the U.S. District Court, 167 South Main Street, Memphis TN 38103 and per federal rules is deemed filed today, January 12, 2018. Under duress, without prejudice.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Ambassador Michael Parsons
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Tsilhqot'in Nation-Country of
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　the Chilcotin